IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE CODY | : | CIVIL ACTION |
| v. | : | |
| MARK GARMAN, ET AL. | : | NO. 19-1347 |

FILED
JUL 15 2019
KATE BARKMAN, Clerk
By_____Dep. Clerk

**ORDER**

**AND NOW**, this 15th day of July, 2019, upon careful and independent consideration of the Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Docket No. 3), and all documents filed in connection with the Amended Petition, and after review of United States Magistrate Judge Thomas J. Rueter's Report and Recommendation (Docket No. 6), and consideration of Petitioner's Objections to the Report and Recommendation (Docket No. 9),[1] **IT IS HEREBY ORDERED** that:

1. Petitioner's Objections are **OVERRULED**.[2]

---

[1] After Magistrate Judge Rueter issued his Report and Recommendation, but before Petitioner filed his Objections, Petitioner filed an "Amendment to Federal Writ of Habeas Corpus." The "Amendment" consists of a string of case citations concerning the inability of a court to act in the absence of subject matter jurisdiction. We have taken these case citations into account when considering Petitioner's Objections.

[2] We read Petitioner's filing to assert two objections to Magistrate Judge Rueter's Report and Recommendation. First, he argues that the Magistrate Judge erred in recommending that his habeas petition is untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") because Petitioner has argued that the state court lacked subject matter jurisdiction and, according to Petitioner, the AEDPA's limitations period does not apply to such a jurisdictional challenge. However, there is no recognized exception to the AEDPA's statute of limitations for challenges to the state court's subject matter jurisdiction. See, e.g., Randolph v. Tritt, Civ. A. No. 15-5867, 2016 WL 3176609, at *4 (E.D. Pa. Jan. 7, 2016) (finding § 2254 petition to be untimely in spite of petitioner's challenge to subject matter jurisdiction of trial court), report and recommendation adopted, 2016 WL 3125466 (E.D. Pa. June 2, 2016); Baker v. Walsh, Civ. A. No. 13-652, 2014 WL 3866078, at *7 (M.D. Pa. Aug. 6, 2014) (stating that petitioner had "not presented any cases . . . holding that lack of subject-matter jurisdiction is an equitable exception to the statute of limitations . . . , and we are not aware of any such cases"). Accordingly, we reject Petitioner's argument that the Magistrate Judge erred in failing to apply

2. The Report and Recommendation of Magistrate Judge Rueter is **APPROVED** and **ADOPTED**.

3. The Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 is **SUMMARILY DISMISSED** pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing § 2254 Cases as barred by the statute of limitations set forth in

---

such an exception. We also observe that, even assuming *arguendo* that there was such an exception, it would not benefit Petitioner because his jurisdictional argument is primarily based on an assertion that the criminal statute under which he was convicted (18 Pa. C.S. § 3701) is invalid because it does not include an enacting clause, and that assertion is meritless. See Commonwealth v. Stultz, 114 A.3d 865, 879 (Pa. Super. Ct. 2015) (rejecting argument that court lacked subject matter jurisdiction because operative criminal statute lacked enacting clause, explaining that official codification of Crimes Code includes the required enacting clause, which applies to all of the Code's provisions (citations omitted)); see also Commonwealth v. Bethea, 828 A.2d 1066, 1075 (Pa. 2003) ("[E]ach court of common pleas within this Commonwealth possesses . . . subject matter jurisdiction to resolve cases arising under the Pennsylvania Crimes Code."). He also argues that application of the AEDPA's limitations period violates his First Amendment right to petition for redress, U.S. Const. amend. I, and the Suspension Clause of Article 1, U.S. Const. art. I, § 9, cl. 2, but these claims are meritless as well. Hill v. Dailey, 557 F.3d 437, 438-39 (6th Cir. 2009) (holding that "AEDPA's one-year statute of limitations does not improperly suspend the writ of habeas corpus" or violate the constitutional right to petition for redress (citations omitted)).

In his second objection, Petitioner argues that the Magistrate Judge erred in recommending that he is not entitled to equitable tolling. A petitioner seeking equitable tolling must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotation omitted). Here, Petitioner belatedly asserts that he meets this standard because his § 2254 petition was due by August 15, 2014, and he was incarcerated in Delaware from May of 2014 to August of 2015, during which time he had no access to Pennsylvania law books or counsel. However, "the fact that petitioner was incarcerated in another state does not, on its own, constitute an extraordinary circumstance" sufficient to trigger equitable tolling. Allen v. Morgan, 40 F. Supp. 3d 404, 409 (D. Del. 2014) (citation omitted); Twitty v. Smith, Civ. A. No. 17-5016, 2018 WL 8265215, at *9 (E.D. Pa. Aug. 8, 2018) (rejecting argument that incarceration out of state constituted extraordinary circumstance), report and recommendation adopted, 2019 WL 2106379, at *2 (E.D. Pa. May 13, 2019). Further, the added lack of access to law books does not make a petitioner's circumstances extraordinary when he does not also assert that he did not have access to his own case materials. Allen, 40 F. Supp. 3d at 409. We also observe that, even if the statute were tolled for the period of Petitioner's Delaware incarceration, his petition would still be untimely because it was not filed until March 21, 2019, over three and a half years after his release from the Delaware facility. We therefore reject Petitioner's belated arguments in favor of equitable tolling.

For all of these reasons, we overrule Petitioner's Objections.

2

the AEDPA.

4. As Petitioner has failed to make a substantial showing of the denial of a constitutional right or demonstrated that a reasonable jurist would debate the correctness of this ruling, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

5. The Clerk is directed to **CLOSE** Civil Action No. 19-1347.

BY THE COURT:

_____
John R. Padova, J.